UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WELLS FARGO BANK, | No. C 11-01932 LB |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| EDMOND J. LAPEEN, *et al.*, | [ECF Nos. 4 and 5] |
| Defendants. | |

# I. INTRODUCTION

Plaintiff Wells Fargo Bank ("Wells Fargo") brings this motion to remand its unlawful detainer action against pro se Defendants Edmond J. Lapeen and Raymond Branchflower (collectively, "Defendants"). Notice of Removal, ECF No. 4 (re-noticed at ECF No. 5).[1] Defendants removed the action to federal court based on its assertion that the federal Protecting Tenants at Foreclosure Act ("PTFA") preempts California state law with regards to evicting bona fide tenants of foreclosed landlords. *Id.* at 2. The court grants Wells Fargo's motion because the unlawful detainer action presents only state claims on its face and the PTFA only provides tenants with federal defenses to eviction but does not create a federal ejectment claim or any private right of action.

# II. FACTS

On or about January 19, 2011, Wells Fargo acquired title in the subject property by a Trustee's

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Deed Upon Sale following foreclosure proceedings against Lapeen. Complaint, ECF No. 1 at 8-9. Wells Fargo claims that the foreclosure complied with section 2924 of the California Civil Code. *Id.* On March 23, 2011, Wells Fargo served a written notice to vacate on Lapeen, which stated, "IF YOU ARE A 'BONA FIDE TENANT' under the Protecting Tenants at Foreclosure Act of 2009, you may have the option to begin paying rent to the new landlord and to remain as a tenant until ninety (90) days after service of this Notice, or until the end of a valid lease term, whichever is later." *Id.* at 9, 12. On March 29, 2011, Wells Fargo filed the unlawful detainer action in California state court against Lapeen, the former owner of the premises. *Id.* at 8. Branchflower, the former tenant, intervened in the state action. Notice of Removal, ECF No. 1 at 1. On April 21, 2011, Defendants removed to the federal court, based on alleged federal jurisdiction. *Id.*

## III. LEGAL STANDARDS

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(b). The defendant has the burden of proving the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). But a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22.

A federal court may exercise removal under the "artful pleading" doctrine even if a federal

---

[2] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

question does not appear on the face of the complaint. *ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). The artful pleading doctrine applies when: (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *Id.* However, courts should "invoke the [artful pleading] doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

**IV.  DISCUSSION**

Defendants argue that they complied with the federal procedures for removing the suit pursuant to 28 U.S.C. §§ 1441-1446. Opposition, ECF No. 10 at 2.  Although Wells Fargo's motion asserts that Defendants did not comply with the federal removal procedures, Wells Fargo's motion appears to be a form brief and addresses diversity jurisdiction, which is not at issue in this case. *See* Motion, ECF No. 4-1 at 6 (discussing diversity jurisdiction).  In its reply brief, Wells Fargo did not offer any counter-argument regarding Defendants' compliance with the requirements for removal.  Reply, ECF No. 11.  Because Defendants allege a federal question and removed within thirty days of receipt of the complaint, the court finds that Defendants complied with the federal procedures for removal.

Defendants also argue that the underlying action is one "in Federal Ejectment, since there is no unlawful detainer action available in State Court to evict the tenant of a foreclosed landlord." Opposition, ECF No. 10 at 2-3.  Defendants argue that the Protecting Tenants at Foreclosure Act ("PTFA") preempts state law with regards to evicting bona fide tenants of foreclosed landlords.  *Id.* at 3.  Defendants's logic is that the PTFA creates a "federal ejectment" claim because it provides greater protections to tenants of foreclosed landlords than does California law in the form of (1) 90-day notice prior to eviction as opposed to the 60-day notice called for by California law and (2) the 90-day notice can only be given when the tenancy is month-to-month or if there is a buyer who will

use the premises as their primary residence. *Id.* Therefore, according to Defendants, "it is impossible to evict a bona fide residential tenant of a foreclosed landlord in California under State law" because the PTFA provides additional protections. *Id.*

Instead, Defendants argue, Wells Fargo's action is merely an artfully pleaded federal claim. *Id.* at 4. In support of this argument, Defendants state that the notice to vacate upon which the complaint is based includes that it is a 90-day notice to bona fide tenants under the PTFA. *Id.*; *see* Notice to Vacate, ECF No. 1 at 12. Defendants also assert that the "PTFA is that substantial federal question." Opposition, ECF No. 10 at 5. Defendants then argue that the PTFA protections are not a defense but a necessary element to the cause of action. *Id.*

Wells Fargo argues that its complaint asserts only a cause of action for unlawful detainer pursuant to section 1161(a)(b)(3) of the California Code of Civil Procedure. Motion, ECF No 4-1 at 3-4; Reply, ECF No. 11 at 2. Wells Fargo explains that the purchaser at a trustee's sale is entitled to immediate possession of the subject property. Reply, ECF No. 11 at 3 (citing *Farris v. Pacific States Auxillary Com.*, 4 Cal.2d 103 (1935)). The purchaser then may bring an unlawful detainer action against the trustor, or anyone holding under the trustor, who refuse to relinquish possession. *Id.* (citing Cal. Code Civ. Proc. § 1161a; *MCA, Inc. v. Universal Diversified Enterprises Corp.*, 27 Cal. App. 3d 170 (1972)). The plaintiff in an unlawful detainer action is entitled to judgment upon establishing that the subject property was sold in accordance with section 2924 of the California Civil Code and that the requisite notice to quit was served on the defendant as described in section 1162 of the California Code of Civil Procedure. *Id.* (citing, amongst others, *Whens, Partian & Cunningham v. Hollis*, 196 Cal. App. 3d 948, 952 (Cal. Ct. App. 1987)).

Wells Fargo also asserts that the PTFA "simply allows for certain individual to remain in the premises for longer periods of time before they can be evicted" and that the notice provision is just an anticipated defense to the state unlawful detainer action, presenting a question of fact for the state court to decide *Id.* at 4.

The court agrees with Wells Fargo. Wells Fargo's complaint states a single claim for unlawful detainer under California law. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *See Wescom Credit Union v. Dudley*, No. CV

10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (rejecting a similar argument).

Second, Defendants mischaracterize the operation of the PTFA. The PTFA is a federal statute that provides certain protections to tenants who reside in properties subject to foreclosure. These protections include the right to continue living on the foreclosed property premises for the duration of their lease and the right to receive a 90-day notice to vacate. The PTFA states, in pertinent part:

> (a) IN GENERAL.-In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to-
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure-
>
> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1), or
>
> (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
>
> except that nothing under this section shall affect the requirements for termination of any Federal-or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

Pub.L. No. 111-22, § 702, 123 Stat. 1660 (2009).

"Preemption gives rise to federal question jurisdiction only when an area of state law has been completely preempted by federal law." *Perez v. Nidek Co. Ltd.*, 657 F.Supp.2d 1156, 1161 (S.D. Cal. 2009). Only the following three areas have been recognized as areas of complete preemption by the United States Supreme Court and circuit law: (1) claims under the Labor Management Relations Act; (2) claims under the Employment Retirement and Insurance Security Act; and (3) certain Indian land grant rights. *See Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 585 (9th Cir. 1990). The court holds that the complete preemption doctrine is inapplicable in this case and does not warrant removal in the present action. *See BDA Investment Properties LLC v. Sosa*,

No. CV 11–03684 GAF (RZx), 2011 WL 1810634, at *2 (C.D. Cal. May 12, 2011).

The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence are federal defenses to an unlawful detainer action where the plaintiff fails to comply with these requirements. The 90-day notice requirement is a not an element of the unlawful detainer action. *See* Cal. Code Civ. Proc. § 1161a. Instead, it is a defense that may defeat an unlawful detainer action. A federal defense, however, does not support federal-question jurisdiction. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir.2005).

And the PTFA's provisions do not create a federal claim allowing for evictions, either explicitly or implicitly. *See Wescom Credit Union*, 2010 WL 4916578, at *3. The district court in *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010), analyzed the congressional record and text of the PTFA, concluding that no private right of enforcement was implied. 2010 WL 2179885, at *3. Specifically, the *Nativi* court quoted Senator Gillibrand's statement that the PTFA was intended "to give *local governments and States* the tools they need to tackle this housing crisis." *Id.* (quoting 155 Cong. Rec. S5096-7 (daily ed. May 5, 2009) (statement of Sen. Gillibrand) (emphasis added)). Additionally, by its plain text, the PTFA is focused on providing additional or supplemental protections to state or local laws. *See* Pub.L. No. 111-22, § 702, 123 Stat. 1660 (2009) ("[N]othing under this section shall affect the requirements for termination of any Federal-or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.").

Defendants' best argument is that the PTFA's provisions raise a federal question (i.e., did Wells Fargo comply with the PTFA's requirements?). But, even assuming arguendo that there is a federal question, there still is no federal jurisdiction because the PTFA's requirements are straightforward, and the mere presence of a federal issue by itself does not confer federal-question jurisdiction. *Merrell Dow*, 478 U.S. at 813.

///

///

///

## V.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Wells Fargo's motion to remand.

This disposes of ECF Nos. 4 and 5.

**IT IS SO ORDERED.**

Dated: June 2, 2011

_____
LAUREL BEELER
United States Magistrate Judge